IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KENNARD C. WILLIAMS, JR. ) | |
| Plaintiff, ) | |
| ) | NO. _____ |
| vs. ) | |
| ) | |
| DEPUTY WILLIAM BAKER ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

## COMPLAINT

Comes the Plaintiff, KENNARD C. WILLIAMS, JR., complaining of the Defendant and would show to the Court:

1. <u>Jurisdiction:</u> The Court has jurisdiction to hear this case pursuant to Title 28 U.S.C. § 1343 in that it is brought pursuant to a federal statute, 42 U.S.C. §1983 and the Civil Rights Act of 1964, for deprivation of rights guaranteed by the Fourth Amendments to the United States Constitution in this suit filed for malicious prosecution pursuant to 42 U.S.C. §1983.

2. <u>Parties:</u>

    2.1 <u>Plaintiff.</u> The Plaintiff, KENNARD WILLIAMS, is a citizen of the State of Tennessee and a resident of Montgomery County and resides at 3374 Durrett Dr., Clarksville TN 37042.

    2.2 <u>Defendant/ Capacity in which Defendants being names and sued.</u>

    The Defendant, DEPUTY WILLIAM BAKER, resides at 1003 Hedge Apple Rd,

1

Clarksville TN 37072 and was at all times an employee and agent of MONTGOMERY COUNTY, TENNESSEE, serving as a Deputy with the Montgomery County Sheriff's Department, and was at all times material hereto acting under color of state law and is sued herein in his individual capacity. These constitutional deprivations in issue resulted from the actions of the Defendant Baker in his official capacity as a deputy for Montgomery County Tennessee.

3. <u>Color of Law:</u> The actions of the Defendant BAKER set forth in this Complaint were committed in the scope of his employment as a Sheriff Deputy, were made, occurred, and carried out under color of state law. The actions of the Defendant BAKER set forth in this Complaint were all committed in the scope of his employment and service as a Deputy.

4. <u>Facts.</u>

    4.1 That on or about September 5, 2021, the Plaintiff was riding as a passenger of a vehicle on 101st Airborne Parkway in Clarksville, Montgomery County, Tennessee, which vehicle was stopped for speeding by Defendant/Deputy BAKER. The Plaintff was not the operator of the vehicle and instead the Plaintiff was riding in the passenger seat, with the driver and another occupant in the rear. During the stop, the Defendant Baker requested the driver to tell the occupants of the car that he needed their ID's. Upon hearing that request, the Plaintiff asked Defendant Baker why he had to give his ID as a passenger. Defendant Baker proceeded to request the Plaintiff to exit the vehicle. Deputy Baker stated that the Plaintiff was legally required to provide his ID.

    4.2 After the Plaintiff asked Deputy Baker if he suspected him of a crime, Defendant Baker threatened to take the Plaintiff to jail for failure to present an ID ("Deputy Baker: No, but I am about to take you to jail for failure to identify"), and then proceeded to threaten to arrest the Plaintiff for resisting arrest (Deputy Baker: "How about resisting.")

4.3 That T.C.A. 55-50-351, entitled license to be carried and exhibited on demand applies to a licensee "operating" a motor vehicle. At no time was the Plaintiff operating a motor vehicle in or around the time of the encounter.

4.4 The Plaintiff objected to the Defendant Baker's conduct and although he was not lawfully required to present his identification, he nevertheless provided his ID to Deputy Baker, after Deputy Baker suggested he would arrest the Plaintiff for Resisting Arrest;

4.5 Deputy Baker, proceeded to issue a citation to the Plaintiff for violation of T.C.A. 55-50-351 for failure to exhibit his license on demand, even though the Plaintiff already provided Deputy Baker his ID/license. The Plaintiff became upset about Defendant Baker citing him on false criminal charges, and repeatedly asked Defendant Baker his badge number and asking Deputy Baker for help. Deputy Baker handed the Plaintiff his citation and told him his Court date and walked away. As the Plaintiff pleaded with another deputy present at the scene, Deputy Baker proceeded to come back with hand cuffs and effectuated an arrest of the Plaintiff without probable cause for Disorderly Conduct in violation of T.C.A. 39-17-305, when the Plaintiff did not commit any such offense.

4.6 Subsequent to the incident and during the officers presenting the Plaintiff before the Magistrate, Defendant Baker, gave false and perjurious statements regarding the events during the subject stop, in order to obtain the unlawful arrest of the Plaintiff, without probable cause.

4.7 Upon information and belief it is averred that Defendant fabricated and falsified testimony and evidence, and knowingly submitted the same to the magistrate in furtherance of obtaining an arrest of the Plaintiff and to vindictively oppress the Plaintiff. Defendant Baker furnished the magistrate with false/perjurious testimony. Such evidence and testimony were perjurious, falsified and fabricated by the Defendant BAKER. As a result of such false statements

and conduct and in furtherance of said scheme and acts in violation of the civil rights of the Plaintiff, the Defendant swore out and issued an arrest warrant (W-21-020654/ Case# GS21-CR-11676 Montgomery County General Sessions Court: See attached), and the Plaintiff was arrested and booked into the Montgomery County Jail.

      4.8     The Defendant presented the subject false, fraudulent, and altered testimony to the Magistrate in order to obtain the seizure of the Plaintiff, and in doing so did knowingly and recklessly made false statements in his affidavit and arrest warrant, investigative report, and did so maliciously and with the intent to deprive the Plaintiff of his civil rights and to oppress the Plaintiff.

      4.9     Upon information and belief, Defendant Baker presented perjurious and knowingly false statements, and in the course of setting a prosecution in motion, knowingly, maliciously or recklessly made false statements, falsified and fabricated evidence, and presented the same to the magistrate for the purpose of harassing, oppressing and unlawfully arresting the Plaintiff without probable cause in violation of the civil rights of the Plaintiff. The actions of Defendant Baker, his false statements, together with any concomitant misleading omissions, (the subsequent perjurious statement and attempted cover up of his conduct) are material to the ultimate prosecution of the Plaintiff; and the false statements and omissions do not consist solely of grand-jury testimony or preparation for that testimony. That Defendant's Baker's arrest of the Plaintiff was without probable cause and done for the sole purpose of depriving the Plaintiff of the right to be free from seizure and arrest except without probable cause.

      4.10    That subsequently an internal investigation into the wrongful conduct of the Defendant's actions began and on or about September 14, 2021, the subject Arrest Warrant was favorably dismissed by the General Sessions Court for Montgomery County, Tennessee (See

Judgment attached).

5. <u>Constitutional Violations</u>

    5.1    That the Defendant initiated a criminal prosecution against the Plaintiff for failure to exhibit license and resisting arrest arising out of the incident on September 5, 2021.

    5.2    That the Defendant BAKER, made, influenced, and participated in the decision to prosecute the Plaintiff for the charge of Disorderly Conduct.

    5.3    Defendant Baker deliberately and intentionally gave false and perjurious testimony and statements that the Plaintiff resisted arrest or otherwise committed criminal conduct, all of which directly caused the Plaintiff's seizure, arrest, and deprivation of liberty, as understood under Fourth Amendment jurisprudence.

    5.4    That there was a lack of probable cause for the criminal prosecution of the Plaintiff.

    5.5    The Plaintiff seizure and arrest continued as the Plaintiff was booked into jail (mugshot taken and fingerprinted) and incarcerated at the Montgomery County Jail, until he was able to make bond and posted bail, and the Plaintiff further being subjected to the embarrassment and humiliation attendant to the seizure/arrest of the Plaintiff, as well as the publicizing of Plaintiff's arrest and incarceration.

    5.6    Further the Plaintiff suffered a deprivation of liberty as a result of the criminal prosecution of the Plaintiff by the Defendant to include the damaged reputation of the Plaintiff.

    5.7    The deprivation of liberty of the Plaintiff as a result of the actions of the Defendant in giving false testimony/statments, was intended by the Defendant, whose desire it was to have the Plaintiff charged, arrested/seized, and incarcerated, and that the Plaintiff did suffer the humiliation of arrest and criminal charges, when there was no probable cause for the

investigation, prosecution or arrest/seizure of the Plaintiff, Plaintff having actually presented his ID thereby complying fully with the Officer's unlawful initial request for his ID, and Plaintiff having never engaged in any form of disorderly conduct during the incident. This deprivation of liberty under the Fourth Amendment in this case includes the liberty of the Plaintiff to be free from seizure and arrest in the absence of probable cause.

      5.8      It is further averred that it was at all times the intent and motive of Defendant Baker that the Plaintiff's suffer the humiliation and embarrassment of wrongful arrest by the initiation of criminal proceedings against the Plaintiff based on false testimony and statements and that the Plaintiff suffer the humiliation and embarrassment of arrest and incarceration.

      5.9      It is averred that there is no adequate remedy under Tennessee state law for the actions of the Defendant aforesaid, as the Defendant is immune from suit for malicious prosecution as sovereign immunity under the Tennessee Governmental Tort Liability Act has not been removed for such actions.

WHEREFORE, the Plaintiff prays for the following:

1. That he be granted a jury to hear this case and cause and determine all facts and damages.
2. That he be awarded compensatory damages to be awarded against the Defendant in an amount not to exceed Five Hundred Thousand Dollars ($500,000.00) for mental anguish, humiliation, embarrassment and such other damages to be proven at trial.
3. That the Plaintiff be awarded punitive damages in an amount to be determined by a jury in this cause but in not event in excess of One Million Dollars ($1,000,000.00) in punitive damages for the afore-described actions of the Defendant.
4. That the Plaintiff be awarded reasonable attorney fees pursuant to Title 42 U.S.C. § 1988

5. That the Plaintiff be awarded the costs of this cause.

6. For such other and further relief as this Court may deem fit and proper.

Respectfully Submitted:

(s) T. Blaine Dixon
T. Blaine Dixon, BPR No 26270
Box 852
Erin TN 37061
(615) 440 - 3746
blaine@usconsumerlaw.com
*Attorney for the Plaintiff*
*KENNARD C. WILLIAMS JR.*